*WM. HEFFRON CONSTRUCTION CO. ET AL. V. MAURICE COLEMAN, SR.

1. DOCTRINE OF FELLOW SERVANT DOES NOT APPLY TO ACTION BASED ON DEFECTIVE APPLIANCES.

   The jury having found that the injury upon which an action for negligence is based was due to defective appliances and as such governed by Gen. Code 6242, error in 'charging the jury as to the duty of the master to furnish a safe place to work is immaterial.

2. ANSWER TO OVERRULE OBJECTED QUESTION, "I DON'T KNOW," NOT PREJUDICIAL.

   'Overruling an objection to a question to which the witness answered "I don't know" followed by the relation of certain relevant facts he did know, is not prejudicial.

ERROR to common pleas court.

---

*Affirmed, no op., *Heffron Construction Co. v. Coleman,* 84 O. S. 450.

Heffron Construction Co. v. Coleman.

*Wm. Littleford,* for plaintiff in error.

*Thomas L. Michie,* for defendant in error:

Cited and commented upon the following authorities: *Clark* v. *Stillwell-Bierce & Smith-Vaile Co.* 18 Dec. 741 (6 N. S. 448), affirmed, *Clark* v. *Stilwell-Bierce & Smith-Vaile Co.* 76 Ohio St. 576; *Spieker Co.* v. *Ferguson,* 25 O. C. C. 671 (7 N. S. 13), affirmed, *Speiker Co.* v. *Ferguson,* 71 Ohio St. 503; *Davis* v. *Turner,* 69 Ohio St. 101 [68 N. E. Rep. 819].

Error is prosecuted to reverse a judgment for $1,125 based on injuries to the minor son of the plaintiff, and caused by the falling of a platform on which a sewer construction gang was at work and with whom the boy was employed.

## GIFFEN, P. J.

The jury having specially found that the falling of the platform which caused the injury was due to a defective timber which was not sufficiently strengthened when repaired, the alleged error in charging the jury that it was the duty of the defendant to furnish a safe place to work is immaterial.

The case presented by the pleadings and the evidence is governed by Gen. Code 6242 and the doctrine of fellow-servant does not apply.

The alleged error in overruling the objection to the question at page 95 could not be prejudicial because the witness answered, "I don't know," then proceeded to state certain relevant facts that he did know.

The special findings of the jury and the fact that the president of the defendant company had actual knowledge of the defective condition of the platform are conclusive on the question of defendant's negligence, and as young Coleman was not required to inspect the platform before resuming work, he was not guilty of negligence. Hence, the alleged error in the charge at page 288 of the bill of exceptions was not prejudicial; and for the same reason the charge concerning the duty of the master to furnish safe material was not prejudicial.

Other errors are assigned, but we find none that requires a reversal of the judgment. It will be affirmed.

**Smith** and **Swing, JJ.,** concur.